[No. 16236. Department One. March 2, 1921.]

THE STATE OF WASHINGTON, *on the Relation of M. C. Ballard et al., Plaintiff,* v. THE SUPERIOR COURT FOR KITTITAS COUNTY, *Respondent.*[1]

EMINENT DOMAIN (39)—NECESSITY FOR CONDEMNATION—FEASIBILITY OF OTHER ROUTE—EVIDENCE—SUFFICIENCY. A reasonable necessity for the condemnation of a right of way for an irrigation ditch is shown, as against a claim of another feasible route, where it appears that the cost of such other route would be entirely disproportionate to the benefits and was impracticable.

Application filed in the supreme court November 4, 1920, for a writ of certiorari to review the order of the superior court for Kittitas county, Davidson, J., entered November 4, 1920, adjudging a public use and necessity in condemnation proceedings, after a trial to the court. Denied.

*Geo. E. Canfield,* for relators.

*G. P. Short,* for respondent.

MACKINTOSH, J.—Relators are applying for a writ of review of an order of necessity made in a condemnation proceeding. They are the owners of lands in Kittitas county, irrigated by a ditch some 3,678 feet in length, known as the Lund ditch, which crosses relators' land. Richards owns lands adjoining the relators' land, some of which is irrigated by a ditch known as the Richards' ditch, which starts at a common point with the Lund ditch, and crosses relators' land at a distance of eight hundred feet north of the Lund ditch. Richards seeks to condemn a right to extend the Lund ditch three hundred and seventy feet beyond its present terminus and through the land of the relators to his own land, and to carry fifty inches of water

[1]Reported in 195 Pac. 1051.

through the Lund ditch to his land, and to acquire the right of user in the Lund ditch throughout its length for that quantity of water. That portion of Richards' land which is under the Richards' ditch, is separated from the land which he is now seeking to have put under water in this proceeding.

On the hearing upon the petition, the court entered an order of necessity and granted Richards the privilege sought. It is the claim of the relators that Richards now has a feasible route and means of conveying fifty inches of water from his own ditch; and, secondly, that to allow Richards to acquire flowage rights in the Lund ditch would work an irreparable injury, and destroy some fifteen to twenty-five acres of relators' cultivated land.

The testimony shows that, in order to get the requisite amount of water to the land which Richards is now seeking to have irrigated, it would be necessary, if the water were taken through the Richards ditch, to acquire a right of way for flume for over two thousand feet, and that the flume would be elevated a distance of from ten to twenty feet above the ground. The testimony shows that the cost of the flume would be entirely disproportionate to the benefit, and that the plan for this and other reasons would hardly be feasible or practicable.

We are certain from the testimony that a reasonable necessity exists for the use of the land sought to be condemned, and that Richards, in the selection of the route which he is seeking, has exercised no bad faith, oppression or abuse of power. *State ex rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234; *State ex rel. Lincoln v. Superior Court,* 111 Wash. 615, 191 Pac. 805; *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 82 Wash. 503, 144 Pac. 722.

Upon the second point, there is some testimony that the putting of the fifty inches of water through the Lund ditch might result in the injury of relators' irrigated land by seepage. This testimony, however, was more than overcome by Richards' witnesses, who testified that no such untoward result would flow therefrom. They testified that there was no sub-irrigation and that the only inconvenience the relators would suffer would be that which comes from the fact that they would no longer have exclusive control of the Lund ditch. The trial court heard the testimony and saw the witnesses, and determined that a reasonable necessity existed for the condemnation, and was satisfied that the route selected was the most feasible one.

The jury will be called upon to determine the damages, and if, before that jury, the relators can establish by their proof that their land will be damaged as they claim, the jury will return a verdict in conformity with the evidence before it; and if the relators establish their contention, it will result in an award in such amount as probably to compel Richards to abandon his proceeding.

The writ will be denied.

PARKER, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.