[No. 16651.    Department Two.    April 3, 1922.]

THE STATE OF WASHINGTON, *on the Relation of George Schleif et al., Plaintiff*, v. THE SUPERIOR COURT FOR OKANOGAN COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN (15, 39)—PRIVATE WAY OF NECESSITY—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain an order adjudging a private way of necessity, where it is shown that there is no practical or feasible route out other than the one proposed.

Certiorari to review a judgment of the superior court for Okanogan county, Neal, J., entered July 19, 1921, adjudging a reasonable necessity in condemnation proceedings for a private way. Affirmed.

*P. D. Smith,* for relator.

*Adams & Vincent,* for respondents.

MAIN, J.—This case is brought here by writ of certiorari, to review an order of the superior court adjudging that a reasonable necessity existed for the condemning of a private way of necessity across lands owned by the relators. The respondents are the owners of Driscoll Island, in Okanogan county, which consists of approximately 170 acres of land lying in triangular shape between Similkameen river on the west and the Okanogan river on the east and south, and a slough or arm connecting the two rivers on the north. Both the slough and Okanogan river can be forded by teams at all times except during a period of high water

[1] Reported in 205 Pac. 1046.

of from four to eight weeks. It is not practicable, and probably not possible, to ford either the slough or the river with automobiles or trucks. During high water the only way of reaching Driscoll Island is by boat. The respondent and his family reside on the island, and the land thereof for many years has been devoted largely to the raising of hay, but portions of it are well adapted to the growing of fruit and other products that may be grown in the Okanogan Valley. The land of the relator is north of that of the respondent, the two tracts being separated by the slough. It does not seem to be contended but that the respondents are entitled to a means of going from the island to an established highway. The road proposed by the respondents, and which the trial court sustained, goes to the north, crossing the slough and across the land of the relator for a distance of about one-half a mile, and leads directly into the town of Oroville. The route which the relators contend should be taken is to the east, crossing the Okanogan river at some point beyond, connecting with the highway leading to Oroville. Before the respondents are entitled to condemn a private way of necessity they are required to show a reasonable necessity for the proposed road and that they have not any other practicable or feasible way out. *State ex rel. Carlson v. Superior Court,* 107 Wash. 228, 181 Pac. 689, and *State ex rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234.

The trial court found that the road proposed by the respondents was the only "practicable outlet from plaintiffs' [respondents'] said premises to a public road." It is necessary to inquire whether the road proposed by the respondents is the only practicable or feasible one by which the respondents will have access to a public highway. Any way out would require

either the bridging of the slough or the Okanogan river. A bridge across the slough would be practically 150 feet long, and that across the river approximately 285 feet, with approaches of from 75 to 100 feet. The cost of bridging the slough would be approximately $1,500, and the river, $4,000. If the road to the east were taken, after crossing the river it would be necessary to cross the Great Northern Railway tracks on a curve with a fifteen per cent grade and would result in a very dangerous crossing, even if permission could be obtained for making it. The county engineer, who was apparently a disinterested witness, testified as follows:

"Crossing over the Okanogan is prohibitive from several points of view (S. F. 25): one is the length of a bridge; it will be very nearly twice as long as a bridge crossing the slough, and from that point of view alone it would be very nearly double the expense to construct a trestle bridge across there. Second, you are going to have to provide against any undue current, any flood water that might come down the Okanogan, which you would not in the slough, as there would be no current to speak of; and the third reason is climbing a steep grade to cross the railroad on a curve."

There being no other practicable or feasible road out other than that proposed, a reasonable necessity existed therefor. The case of *State ex rel. Carlson v. Superior Court, supra,* relied on by the relators, is easily distinguishable. In that case the condemnation of a private road of necessity was sought by one who had a way out over other premises which was capable of being made usable at an expense which was within reasonable bounds. It was there held that the petitioner had not maintained the burden of proof that a reasonable necessity existed, and that he had gone no farther than to show that the way which he sought to

condemn was more practicable than the way which he then had, and this was not sufficient to establish a reasonable necessity.

In the present case, as already suggested, the respondents had no other feasible or practicable way out, and therefore a reasonable necessity existed for making the condemnation.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and HOVEY, JJ., concur.