[No. 23145. Department One. June 12, 1931.]

THE STATE OF WASHINGTON, *on the Relation of R. C. Erchinger, Plaintiff,* v. MITCHELL GILLIAM, *Judge of the Superior Court for King County, et al., Respondents.*[1]

*Lundin, Barto & Devin,* for plaintiff.
*Meier & Meagher,* for respondents.

MAIN, J.—This action was brought for the purpose of acquiring by condemnation a private way of necessity. At the opening of the trial, the parties stipulated that, instead of having commissioners appointed .to view the premises for the purpose of determining whether there was a necessity for the establishment of the right of way, as provided in Rem. Comp. Stat., § 6752, the court should make the view. At the conclusion of the trial, and before rendering a decision, the trial court viewed the premises, and thereafter

[1]Reported in 300 Pac. 173.

found that no reasonable necessity existed for a private way of necessity. For the purpose of reviewing the judgment dismissing the action, the case is brought here by certiorari by the relator, who will be referred to as the appellant.

The facts are these: The respondents R. E. Huckins and wife, who will be hereinafter referred to as though they were the only respondents, are the owners of lot 7, block 1, in Yesler & McGilvra's Addition in the city of Seattle, and also the owners of lot 6, block 42, Lake Washington Shorelands, which latter lot is immediately east of the former. The appellant is the owner of lot 5, in block 42, Lake Washington Shorelands, which is immediately north of the shoreland lot owned by the respondents. Lot 8 in Yesler & McGilvra's Addition, immediately west of the shoreland lot owned by the appellant, is owned by Edna Roon. The two lots of the respondents are bounded on the south by east Olive street. The lot owned by Miss Roon and lot 7, owned by the respondents, are bounded on the west by an improved street. The two shoreland lots, one owned by the respondents and the other by the appellant, are bounded on the east by Lake Washington. Some years ago the parties to this action constructed, at or near the boundary between their two shoreland lots, a wharf or dock for their joint use. Along the south side of the lot owned by Miss Roon, extending in an easterly direction from the street on the west to the southwest corner of lot 5, the appellants have a four foot right of way, conveyed to them by Miss Roon. At or near the boundary line between lots 7 and 8, the upland lots, and lots 5 and 6, the shoreland lots, there is an embankment which rises abruptly something like twenty-five or thirty feet. Near the northwest corner of the shoreland lot owned by the respondents, they have constructed their dwelling house, and immedi-

ately to the rear thereof a garage. From east Olive street, across the east end of lot 7, there is a driveway to the garage.

By this action, the appellant seeks to acquire the right to use this driveway, which would necessitate the moving of the garage. The appellant has no outlet to the north, and, as the evidence shows, it would be impractical to construct a roadway for vehicular traffic up the embankment and across Miss Roon's lot to the street on the west. The evidence also shows that, if the garage were moved, it would be necessary to set it into the hill and thus remove the toe of the slope, which would render a slide more probable. There is evidence which tends to show that the highest and best use to which the lots of the respondent could be put would be to improve them as one property, and that a private way of necessity crossing near where the two lots join would seriously interfere with that development.

The question finally to be determined is whether the appellant has a right to condemn the right of way which he seeks in order that the lot owned by him may be reached by vehicular traffic.

Before a private right of way can be acquired over the property of another, a reasonable necessity therefor must be shown. *State ex rel. Mountain Timber Co. v. Superior Court,* 77 Wash. 585, 137 Pac. 994; *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 82 Wash. 503, 144 Pac. 722; *State ex rel. Schleif v. Superior Court,* 119 Wash. 372, 205 Pac. 1046. In determining whether there is a reasonable necessity for a private right of way, it is necessary to take into consideration the entire situation. *State ex rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234. One of the things to be considered is the injury to the property across which the right of way is sought.

*Samish River Boom Co. v. Union Boom Co.,* 32 Wash. 586, 73 Pac. 670. Mere inconvenience, "no matter how great, will not sustain the right to insist upon a way of necessity." *State ex rel. Carlson v. Superior Court,* 107 Wash. 228, 181 Pac. 689.

The question, then, comes to whether a reasonable necessity exists for the right of way which the appellant seeks, or whether being deprived of that right of way is a mere inconvenience.

It is, of course, impossible to state a rule which would in all cases fix the dividing line between reasonable necessity and inconvenience. Every case must to a large extent depend upon its own facts. Looking to the facts of the case now before us, in the light of the law as above stated, it would appear that no reasonable necessity exists in this case, but that it falls on the side of inconvenience. It would be more convenient to the appellant to be able to have fuel delivered upon his lot, rather than to have it carried from the street to the west over his four foot right of way, or to have it brought in over the dock which extends out into Lake Washington a sufficient distance so that boats or barges may land thereat. It is also an inconvenience to the appellant not to be able to reach his premises by automobile. Taking into consideration all the facts of this case, as already stated, together with other details not mentioned, and considering the effect of the right of way upon the property of the respondents, we are of the view that the holding of the trial court should not be disturbed.

The case of *Anderson v. Lee,* 191 Iowa 248, 182 N. W. 380, had to do with the acquiring of a private way of necessity over farm land, and can have little bearing upon the present case.

The case of *State ex rel. Huntoon v. Superior Court,*

145 Wash. 307, 260 Pac. 527, differs from the case now before us, in that there the property over which the private way of necessity was sought was not a city lot, and the plaintiff in that case had no available way of ingress or egress to or from a portion of a twenty-acre tract of land which they owned, except over the waters of a small lake.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.