[No. 32902. Department Two. January 6, 1955.]

WILLIAM DREGER et al., Plaintiffs, v. JAMES SULLIVAN et al., Defendants and Relators, THE SUPERIOR COURT FOR LINCOLN COUNTY, W. Lon Johnson, Judge, Respondent.[1]

D. J. McCallum and John T. Raftis, for relators.

Dyar & Aten and C. A. Pettijohn, for respondent.

[1] Reported in 278 P. (2d) 647.

HILL, J.—Relators Sullivan seek to review by certiorari an "Order of Necessity" for a "private way of necessity" over certain lands of the relators.

The Dregers brought this action under authority given by RCW 8.24.020 [*cf.* Rem. Rev. Stat. (Sup.), § 936-1] implementing Art. I, § 16 of the Washington state constitution, to condemn a connection for their land-locked acreage over property owned by the Sullivans and others to the nearest public highway, a distance of one-half mile. The route described in the order of necessity under review is what had been a county road, vacated by the commissioners of Lincoln county in 1943. It is conceded that any use of this route subsequent to the vacation thereof has been by permission of the Sullivans. There is some suggestion that this county road should not have been vacated. That argument should be addressed to the county commissioners.

In 1950, the Dregers acquired from Thomas D. Copenhaver the forty-acre tract from the north line of which they seek an access road through the Sullivan property. A half-section owned by their grantor, Copenhaver, is contiguous to and south of the Dreger forty-acre tract. There is an access route to the Dreger tract from its south line across the Copenhaver property to the same highway with which the Dreger tract would be connected if a private way of necessity was condemned over the Sullivan property. By the route over the Copenhaver property, it is some two miles to the highway. This route, while in no sense an improved roadway, has been in use for many years to reach the property now owned by the Dregers, and was so used before and during the time that Copenhaver owned that tract.

It is the position of the Sullivans that the Dregers have an easement by implied grant over the route across the Copenhaver property. We recently considered the conditions under which such an easement may arise in *Adams v. Cullen* (1954), 44 Wn. (2d) 502, 505, 268 P. (2d) 451, where we said:

"An implied easement (either by grant or reservation) may arise (1) when there has been unity of title and subsequent separation; (2) when there has been an apparent

and continuous quasi easement existing for the benefit of one part of the estate to the detriment of the other during the unity of title; and (3) when there is a certain degree of necessity (which we will discuss later) that the quasi easement exist after severance."

Copenhaver is not a party to this proceeding, and we do not pretend to be able at this time to adjudicate that the Dregers have an easement by an implied grant over his property. (Copenhaver testified that, while at the time of trial the Dregers had been using this route for the four years since they acquired the property, he considered their use of it permissive.) However, applying the test laid down in *Adams v. Cullen, supra,* to the evidence in this case, we do hold that, on the showing made in the superior court, every requirement of such an easement has been met, and consequently the Dregers have not established necessity for a means of ingress and egress over the Sullivan property.

In the absence of any means of ingress and egress by the Dregers, the order of necessity for a private way of necessity over the Sullivan property would be entirely proper. We do not question that such a route would be more convenient and desirable. However, the order of the court here under review takes the property of one man and gives it to another. A constitutional right is involved which should not be lightly regarded or swept away merely to serve convenience and advantage. *State ex rel. Carlson v. Superior Court* (1919), 107 Wash. 228, 181 Pac. 689.

We recognize that under our rule of "reasonable necessity" a private way of necessity might be condemned even though there is another means of ingress and egress to the property. See discussion in *State ex rel. Carlson v. Superior Court, supra.* The facts in that case are analogous to those of the present case, and the holding there is, we feel, decisive on the issues of easement by implied grant and reasonable necessity in the present case. There the plaintiff had acquired a land-locked tract from his father and for seven years had maintained a roadway over the lands of his father. Conceiving the way over his father's land to be less convenient and less practicable than the way over another

neighbor's land, because it was a little longer and more circuitous, he sought to condemn a private way of necessity over the neighbor's land. Of this situation we said:

"The question of law is whether one, having a legal right to pass over the lands of his grantor, may reject the way that the law gives him and which his grantor cannot deny him, and compel a way of necessity over the lands of a stranger, where, upon a mere admeasurement of convenience and expense, it is held that the way over the land of the stranger is the more practicable than the way over the land of the grantor."

On the record before us, that is exactly the question presented here, and our answer then was and now is in the negative.

There are no findings of fact by the trial court, but we have not overlooked the statement, several times repeated in the memorandum decision, that the so-called Copenhaver road is "almost impassable during a part of each year" and "is not a practical roadway." That statement is not supported by the evidence. Of eleven witnesses who testified concerning the route across the Copenhaver property, only one testified that it was impassable. We quote his testimony on that point in full:

"Q. I am interested is that a good road? A. No. Q. Why? A. You get stuck in it. Mr. Pettijohn: You say it is impassable in the spring of the year? The Witness: Yes.

"By Mr. Raftis: Q. It is a road; it could be improved, could it not? A. Yes. Q. It could be improved? A. By putting them, oh, you would have to put in something in there in that mirey place—a floating bridge or riprap it or something. Q. That is during the wet season? A. Yes, it could. Q. It might be a little more inconvenient but it could be done? A. Yes."

It is to be noted that any intimation of "impassability" comes into the record just once, and that is in a leading question by plaintiff's counsel. At the most, the testimony of this witness establishes that the "mirey place" could be remedied without great inconvenience.

One other witness, testifying about the half mile of the Copenhaver route from the highway to what had been the Copenhaver home, which the evidence showed had been graveled, said it was a "Pretty good road. It would mire down in the spring."

The Dregers, in the four years they have owned the property, have used the road across the Copenhaver property for the transportation of livestock, hay, straw, and farm machinery. One of the defendants testified that two months before the hearing he drove a pick-up truck in high gear the full length of the road.

When the Dregers bought the land, if it was with the implied right to come and go over the land of their grantor, they took upon themselves the burden of improving the way if need be. *State ex rel. Carlson v. Superior Court, supra.* There is no evidence that they have spent anything to maintain their present route over the Copenhaver property or that they would be compelled to do so in the future, so the element of relative cost of construction and maintenance is not a factor in this case.

For a further discussion of what constitutes reasonable necessity, see *Samish River Boom Co. v. Union Boom Co.* (1903), 32 Wash. 586, 73 Pac. 670; *State ex rel. Schleif v. Superior Court* (1922), 119 Wash. 372, 205 Pac. 1046.

Unless and until it is established that the route over the Copenhaver property (easement by implied grant) is not available to them, the plaintiffs cannot sustain the burden of proof that the route across the Sullivan property (private way of necessity) is even "reasonably necessary" for the proper use and enjoyment of their property. The order under review is reversed.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.