[No. 7246–7–II.   Division Two.   October 4, 1985.]

STEPHEN ROBERTS, ET AL, *Appellants,* v. BRUCE W. SMITH, ET AL, *Respondents.*

*Ernest Meyer,* for appellants.

*Clifford F. Cordes III* and *Swanson, Parr, Cordes, Younglove, Peeples & Wyckoff, P.S.,* for respondents.

PETRICH, J.—Stephen and Susan Roberts appeal the trial court's judgment denying them a private way of necessity over adjoining land for ingress and egress to their property. The issue on appeal is whether the burden of showing reasonable necessity to condemn a private way of necessity includes the burden of establishing the absence of an implied easement of access when the opposing landowners present some evidence that such an easement exists. We conclude the burden of proving reasonable necessity for ingress and egress includes the burden of disproving the existence of an implied easement of necessity when there is some credible evidence that such an easement exists. We affirm.

In March of 1979, the Roberts bought a parcel of property, which we designate as the Murphy tract, that was part of a specified 40–acre parcel and was benefited by a recorded access easement. The defendants are owners of the other tracts within this 40–acre parcel. The easement bordered the west side of the Murphy tract and led north to a county road.

In April of 1980, the Roberts bought a 15–acre parcel which was part of a large tract owned by Harkness. This 15–acre parcel, located east of and contiguous to the Murphy tract, was not benefited by the easement serving the above mentioned 40–acre parcel and had no other recorded access to a public road. After discussing with the grantor, Harkness, and with some of the defendants, the options for providing access to the 15–acre parcel, and after receiving bids of $3,000 to $5,000 to construct a road over the grantor's property, the Roberts decided instead to build a road to the easement along the north boundary of the Murphy

tract that they then owned. The Roberts then sold the Murphy tract, retained an easement where they had built the road, and used this road together with the 40–acre parcel easement for access to the 15–acre parcel where they were constructing their new home. Some of the defendants objected to the Roberts' use of their easement, at one point placing an obstruction in the roadway to block them from using it. The Roberts filed a petition to condemn a right of way of necessity over the 40–acre parcel easement pursuant to RCW 8.24 and 8.20.

At trial, the Roberts introduced evidence that the 15–acre parcel was landlocked and that access could be provided by use of the 40–acre parcel easement. The defendants introduced evidence that plaintiffs had an alternative means of access over their grantor's retained property to the county road. There was some evidence of an old overgrown road which ran through the grantor's retained property to the 15–acre parcel. Part of this road may have been fenced off because there was some evidence that it wound through property other than the grantor's on its way to the 15–acre parcel. The trial court found that plaintiffs had failed to prove they were entitled to a private way of necessity over defendants' lands because they did not introduce sufficient evidence to prove that they did not have an implied easement over their grantor's land.

The Roberts first argue that they have made a proper showing of reasonable necessity under RCW 8.24.010, which permits an owner to condemn and maintain a private way of necessity if such is necessary for proper use and enjoyment of the owner's land. The plaintiff has the burden to show reasonable necessity under the circumstances of the case. *State ex rel. Carlson v. Superior Court,* 107 Wash. 228, 181 P. 689 (1919). Plaintiffs assert that they have shown necessity by introducing evidence that the 15–acre parcel is landlocked and that it would no longer be landlocked if they could use the existing recorded easement for access. When defendants introduced evidence of the existence of an implied easement, plaintiffs argued that

defendants should have been required to prove this fact before the Roberts' showing of necessity was adequately rebutted.

■ Plaintiffs' argument, however, assumes that the evidence of implied easement, which was presented by defendants, raises a new issue of fact. However, the issue of implied easement was integrally related to the question of whether there was necessity to pass over defendants' land. Defendants specifically raised the issue of implied easement to deny the claim of necessity, not to raise an unrelated or collateral issue. Because it is the plaintiffs who are charged with proving necessity, the burden of proof includes proof that no implied easement exists over grantor's property. *Dreger v. Sullivan,* 46 Wn.2d 36, 278 P.2d 647 (1955). Therefore, the trial court properly placed upon the Roberts the burden to prove there was no implied easement.

Plaintiffs next assert that the evidence was insufficient to show that they had any right to an implied easement over their grantor's property. Easements by implication arise by intent of the parties, which is shown by facts and circumstances surrounding the conveyance. *Evich v. Kovacevich,* 33 Wn.2d 151, 204 P.2d 839 (1949). The factors establishing an easement by implication are (1) former unity of title and subsequent separation; (2) prior apparent and continuous quasi easement for the benefit of one part of the estate and burden to the other part; and (3) necessity that the quasi easement exists after the separation. *Hellberg v. Coffin Sheep Co.,* 66 Wn.2d 664, 404 P.2d 770 (1965).

The Roberts contend that evidence of the old road through their grantor's property is insufficient to establish apparent and continuous use. In both *State ex rel. Carlson v. Superior Court, supra,* and *Dreger v. Sullivan, supra,* where the court found that the plaintiffs had made an insufficient showing of necessity because they had failed to prove there was no implied easement over their grantors' land, existing roadways had been used for long periods of time before and after the separation of title. The Roberts argue that there was no such apparent and continuous use

in this case. The roadway was overgrown, wound through property other than grantor's in places, and had been fenced off in part by one of the other property owners. However, the record is unclear as to the precise location of the road and the extent of the fencing as it affected the roadway. Further, it is not clearly established that the fencing was properly placed along the other property owner's own boundary.

■ Even if plaintiffs are correct that the evidence does not establish the existence of an apparent and continuous quasi easement, a special situation exists when a grantor sells a portion of property that has no ingress or egress. Unity of title and subsequent separation are absolute requirements for implied easement; the elements of apparent and continuous quasi easement and necessity are merely aids in determining intent to create an implied easement. *Hellberg v. Coffin Sheep Co., supra.* However, the intent to create an access easement over grantor's land is implied when a grantor sells landlocked property. *State ex rel. Carlson v. Superior Court, supra.* The intent arises out of contract and is based on estoppel. *State ex rel. Carlson v. Superior Court, supra.*

Here, because the 15–acre parcel was part of a larger tract of property owned by the grantor, and because it was landlocked, the law could imply that the grantor intended to create an access easement, appurtenant to the Harkness property, over his retained land. If such an easement were implied, plaintiffs would carry the burden of proof by showing that the implied easement over grantor's land was unreasonable or prohibitively expensive. *State ex rel. Carlson v. Superior Court,* 107 Wash. at 234. Here, the evidence showed that plaintiffs had received bids of $3,000 to $5,000 to construct a road over grantor's property, but there was no claim that this amount was unreasonable or that such a road would be impracticable.

Because the Roberts' grantor is not a party to this action, neither this court nor the trial court may determine that an easement by implication exists over the land of the

grantor.[1]

Further, this court is not prepared to state that the evidence presented clearly establishes an implied easement over grantor's land, as was the case in *Dreger v. Sullivan, supra.* However, the evidence does cast considerable doubt on the reasonable necessity of the Roberts to cross over defendants' land. Therefore, the Roberts failed to carry their burden of proof. The trial court judgment is affirmed.

WORSWICK, C.J., and REED, J., concur.

---

[1]The trial court was obviously concerned that grantor had not been made a party to this action and was willing to continue the case until the issue of implied easement over grantor's land could be resolved.