[No. 21886. *En Banc.* October 9, 1929.]

THE STATE OF WASHINGTON, *on the Relation of George C. Wheeler, et al., Plaintiffs,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

*Almon Ray Smith* and *Battle, Hulbert & Helsell,* for relators.

*Caldwell & Lycette* and *Herr, Bayley & Croson,* for respondent.

FRENCH, J.—Respondent instituted this action for the purpose of condemning a private way of necessity. The trial court granted the right to condemn, and the entire matter was brought to this court by certiorari for the purpose of reviewing the order of necessity.

Briefly, the facts are as follows: Respondent is the owner of a considerable body of coal land in King county, Washington, situate about a half mile back from the Maple valley paved highway. Relators own

[1]Reported in 281 Pac. 7.

the land lying between the land of respondent and the paved highway, and it is a strip of this land which the trial court permitted to be condemned for a private way of necessity.

It is conceded in relators' opening brief that this proceeding is properly brought under the provisions of Sections 6746, 6747 and 6748, Rem. Comp. Stat.; that this act has been upheld as constitutional, and that the relators do not question the right to condemn if a reasonable necessity exists therefor. The sole contention in this case is that,

". . . 'first, the right of way over relators' land is not only not feasible, but quite impossible for the condemner to use in the manner and for the purposes he alleges he will use it, and therefore it cannot be necessary;"
and second,
". . . that the condemner has other ways out over his own land and therefore this right of way cannot be necessary."

That the person having the right to condemn land and seeking to condemn it may select the land which he believes to be best suited for his own purposes, and that, in the absence of bad faith, the court will not interfere with this selection, is well settled in this state. *State ex rel. Grays Harbor Logging Company v. Superior Court,* 82 Wash. 503, 144 Pac. 722. So that the question of whether or not the selected route is feasible becomes purely a question of fact. A careful examination of not only the abstract of the record, but the statement of facts, indicates that the condemner had worked out a plan for using the proposed right of way which was pronounced by witnesses skilled in that line of work as being feasible and practical. It is true that there is some testimony to the contrary, but we think the evidence clearly preponderates that this route would provide the easiest and

cheapest method of getting a usable road in to that portion of respondent's property where he is now attempting to develop a coal mine. We can find no merit in relators' first contention.

The second contention, that the condemner has other ways out over his own land, also involves nothing but questions of fact. It is true that in this case respondent has a restricted way out over certain lands of the Pacific Coast Company, over what is known as the Pacific Coast road, but this is but a .restricted right of way, and one over which respondent is not permitted to haul coal, the very product which he is attempting to produce in commercial quantities, and for the marketing of which he wishes to condemn this particular strip of road.

An examination of the map, together with the reading of the testimony of the witnesses as to the class and character of the land and as to exactly where the proposed road to the west would have to be built, indicates that it is a practical impossibility for respondent to get a road out to the west without either condemning a right of way across other people's land or spending such a large sum of money as to make it impossible to build the road.

No good purpose could be served by detailing the evidence in this case. It is voluminous and somewhat in conflict. It has been carefully scrutinized and we can find nothing therein which will justify a reversal of the order of the trial court.

FULLERTON, PARKER, MAIN, BEALS, TOLMAN, HOLCOMB, and MILLARD, JJ., concur.