[No. 12342-1-III.   Division Three.   June 10, 1993.]

LEIF SORENSON, ET AL, *Appellants,* v. JOHN L. CZINGER, ET AL, *Respondents.*

*Joseph S. Jolley* and *Herman, Herman & Jolley, P.S.,* for appellants.

*Joseph P. Delay* and *Delay, Curran, Thompson & Pontarolo, P.S.,* for respondents.

MUNSON, J. — Leif Sorenson appeals a judgment awarding him a private alternative way of necessity which will provide access to the eastern portion of his landlocked property, but denying access to the western portion of his property. He contends the court erred in (1) considering the alternative route proposed by John Czinger; (2) requiring Mr. Sorenson to bear the burden of proving the alternative sought was not feasible; (3) entering findings not supported by the evidence; (4) concluding RCW 8.24.010 does not authorize condemnation of a way of necessity for utilities; (5) awarding attorney fees and costs to the condemnee; and (6) denying certain post-trial motions. The above-captioned respondents (hereinafter referred to collectively as Mr. Czinger) have requested attorney fees for this appeal. We affirm in part and reverse in part.

The following facts are drawn primarily from the trial court's findings:

Mr. Sorenson owns approximately 1 acre of land on the east rim of Five Mile Prairie in north Spokane. The land is divided by a vertical cliff which runs from north to south across the property. The western third of the property, at the top of the cliff, is relatively level. The eastern two-thirds of the property, at the base of the cliff, slopes to the east at a grade of about 20 percent. Neither portion has direct access to any public roads.

Rossmoor Ridge is a housing development consisting of about 20 acres on the top of Five Mile Prairie. Mr. Czinger is one of the developers of Rossmoor Ridge and owns lot 19 adjoining Mr. Sorenson's property along its western property line. Lot 19 fronts on a public street built as part of the housing development.

Mr. Sorenson wants to build a residence on the western part of his property. He brought this action pursuant to RCW 8.24 to condemn a 16-foot-wide, 127-foot-long private way of necessity across lot 19. It is undisputed the western portion of Mr. Sorenson's property is inaccessible unless a private way of necessity is granted across lot 19.

Mr. Czinger proposed a 1,150-foot-long alternative route which would provide access to the eastern two-thirds of Mr. Sorenson's property, located basically at the foot of the cliff. The route crosses six parcels of land, one of which is owned by Mr. Czinger. The owners of the other five parcels are not parties to the present lawsuit; one owner is Spokane Water District 3; Mr. Sorenson contends he cannot condemn the water district land for this purpose. The proposed alternative would not provide access to the western portion of Mr. Sorenson's property which lies at the top of the cliff.

A roadway could be built on this alternative route at a cost of $40,000 to $70,000. Although this alternative would not provide access to the level western portion on which Mr. Sorenson wishes to build, there is evidence it would be possible to build two residences on the lower eastern two-thirds of the property; Mr. Sorenson disputes the finding that two residences could be built on the eastern portion. These residences would have attractive views, though not as good as the view from the top of the cliff.

The court found the way of necessity sought by Mr. Sorenson would render lot 19 unbuildable. As a result, the value of that lot, still owned by Mr. Czinger, would be reduced from $75,000 to $15,000. On the other hand, granting that way of necessity would increase the value of the western third of Mr. Sorenson's property from $1,000 in its present landlocked state to $75,000 to $100,000 if it could be used as the site of a residence.

The court found Mr. Sorenson was entitled to a private way of necessity. It entered a judgment awarding him a private way of necessity in the alternative route proposed by Mr. Czinger. Mr. Sorenson appeals.

First, Mr. Sorenson contends the trial court erred in considering the alternative route proposed by Mr. Czinger because that route did not provide access to the western portion of Mr. Sorenson's property.

RCW 8.24.010 authorizes private condemnation of land for a right of way for the construction of roads, ditches or other structures necessary for the proper use and enjoyment of landlocked property.[1] *Beeson v. Phillips*, 41 Wn. App. 183, 187, 702 P.2d 1244 (1985) (quoting R. Cunningham, W. Stoebuck & D. Whitman, *Property* § 8.5, at 448 (1984)) notes the general rule that one who has access to part of his land is not entitled to a way of necessity to another part merely because it would be more convenient, but "is entitled to sufficient access to make 'effective use' of his land."

> [A]ccess to one portion of a condemnor's property does not necessarily preclude his obtaining a vehicular access to other parts of his property not reasonably available without encroaching upon his neighbor's property.

*Beeson*, at 188 (citing *State ex rel. Huntoon v. Superior Court*, 145 Wash. 307, 260 P. 527 (1927)); *see Wiese v. Thien*, 279 Mo. 524, 214 S.W. 853, 5 A.L.R. 1552 (1919). The condemnors in *Beeson* were held to have a way of necessity where a steep bluff separated the accessible portion of their property from a building site at the top of the bluff. In *Huntoon*, the

---

[1] RCW 8.24.010 states:

"**Condemnation authorized — Private way of necessity defined.** An owner, or one entitled to the beneficial use, of land which is so situate with respect to the land of another that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity or to construct and maintain any drain, flume or ditch, on, across, over or through the land of such other, for agricultural, domestic or sanitary purposes, may condemn and take lands of such other sufficient in area for the construction and maintenance of such private way of necessity, or for the construction and maintenance of such drain, flume or ditch, as the case may be. The term 'private way of necessity,' as used in this chapter, shall mean and include a right of way on, across, over or through the land of another for means of ingress and egress, and the construction and maintenance thereon of roads, logging roads, flumes, canals, ditches, tunnels, tramways and other structures upon, over and through which timber, stone, minerals or other valuable materials and products may be transported and carried."

landowner who was unable to access a small portion of his property from the larger usable part because part of a lake lay between the two portions was held entitled to a way of necessity across the property of adjacent landowners.

RCW 8.24.025 permits the trial court to choose among alternative routes if "it is determined that there is more than one possible route for the private way of necessity . . .". *Wagle v. Williamson*, 61 Wn. App. 474, 480, 810 P.2d 1372 (1991), applying RCW 8.24.025, held that if two alternative routes across the condemnee's property provided access to the same point on the condemnor's property, "the burdened landowner's opinion as to whether a specific route is more burdensome" was entitled to substantial weight. RCW 8.24-.025 and *Wagle* require the court to consider alternative routes to a piece of landlocked property. Conversely, they do not authorize the court to consider, as an alternative route, one which will not provide access to the part of the condemnor's property which he desires to use.

Here, the trial court found the western portion of Mr. Sorenson's property was usable as a site for the construction of a residence and the only access to that portion of the property was across lot 19, Mr. Czinger's property. The court erred in failing to conclude that the way of necessity sought by Mr. Sorenson was the only way available for the effective proper use and enjoyment of that part of his land.

Second, assuming for purposes of argument that an alternative route to the eastern portion of Mr. Sorenson's property could be considered for purposes of RCW 8.24.025, Mr. Sorenson contends Mr. Czinger failed to meet his burden of proving a reasonable alternative route because it ran across the property of persons who were not made parties to the action, who did not testify to the effect that route would have on their property interests, and, in the case of one of the landowners, Spokane Water District 3, whose property is not subject to condemnation for a private way of necessity. *Jobe v. Weyerhaeuser Co.*, 37 Wn. App. 718, 724-25, 684 P.2d 719, *review denied*, 102 Wn.2d 1005 (1984).

■ The condemnor has the burden of proving the reasonable necessity for a private way of necessity, including the absence of a feasible alternative. *State ex rel. Schleif v. Superior Court*, 119 Wash. 372, 205 P. 1046 (1922); *State ex rel. Carlson v. Superior Court*, 107 Wash. 228, 233, 181 P. 689 (1919).[2] A court's finding that a proposed alternative is impractical must be supported by sufficient evidence. *Dreger v. Sullivan*, 46 Wn.2d 36, 278 P.2d 647 (1955).

■ Failure to join the owner of property over which a proposed alternative route would pass does not absolutely preclude consideration if the evidence shows it is otherwise feasible. *Dreger*, at 38 (owner of property burdened by proposed alternative testified to the existence of all elements required for a common law easement across his property). Nevertheless, evidence showing an alternative route would require the condemnation of property whose owners were not parties to the proceeding was held sufficient to show the necessity for the route selected by condemnor in *State ex rel. Wheeler v. Superior Court*, 154 Wash. 117, 281 P. 7 (1929); *see State ex rel. Stephens v. Superior Court*, 111 Wash. 205, 209, 190 P. 234 (1920) (questioning whether an alternative route over the property of nonparties could be considered by the court).

The evidence establishes the alternative proposed by Mr. Czinger crossed the property of several landowners who were

---

[2]Historically a claim of reasonable necessity could be defeated only by demonstrating the existence of an alternative route already available to the condemnor either across his own lands or using public routes. *State ex rel. Stephens v. Superior Court*, 111 Wash. 205, 207-09, 190 P. 234 (1920). For this purpose, obviously, an alternative which required condemnation of the property of nonparties would not be relevant.

Once necessity was established, if there were alternative routes which could be obtained by condemnation, the condemnee had the burden of proving the condemnor's selection of a preferred route involved oppression, bad faith or abuse of power. *Stephens*, at 209-10. The enactment of RCW 8.24.025 eliminated the condemnee's burden to prove oppression or bad faith in the selection among alternative routes to be condemned, shifting the burden to the condemnor to show the chosen route is more equitable than the alternative. *See Wagle*, at 481. *Wagle* does not resolve the issue of whether an alternative can be considered if it involves the condemnation of property belonging to nonparties.

neither parties nor witnesses. Furthermore, the evidence establishes the western portion of this property cannot be reached via the alternative route. This was sufficient to satisfy Mr. Sorenson's burden of proving the necessity of the route across lot 19 of Mr. Czinger's property to reach the western portion. There was no evidence he was entitled to condemn the property of those nonparties, that they would all agree to grant him easements, or the potential expense involved.

Third, Mr. Sorenson contends the trial court erroneously determined a way of necessity across lot 19 would preclude its use as a residential property, the eastern portion of his property could be used for the construction of two residences, and the alternative route could be constructed for less than $70,000. Insofar as these determinations are findings of fact, they are supported by the testimony.[3] On remand, other evidence may indicate the square footage of the way of necessity would not be deducted from the area of a lot for purposes of determining whether it met minimum building lot size requirements.

■■ Fourth, Mr. Sorenson contends the court erred in concluding RCW 8.24.010 does not authorize private condemnation of land for utilities. The statute expressly permits condemnation for the construction and maintenance of drains, flumes, or ditches for domestic or sanitary purposes. This provision has been construed to authorize condemnation for the construction of a pipeline to carry water for irrigation of the condemnor's orchard. *State ex rel. Henry v. Superior Court*, 155 Wash. 370, 284 P. 788 (1930). The court reasoned:

> Respondent's orchard land is so situated, with respect to the only source of water and the land of the relators, that it is necessary for its proper use and enjoyment to have and maintain a private way of necessity for a pumping location and pipe line on and across relators' land to force and carry water for irrigation pur-

---

[3]However, evidence at trial may be such that Mr. Sorenson would be required to purchase lot 19; he has offered to buy it for its fair market value after this trial.

poses to the respondent's orchard, else the orchard will become worthless.

*Henry*, at 376. The court reasoned the language of the statute must be given the meaning "manifestly intended" if blind adherence to the technical language would defeat that intent. *Henry*, at 379. In *Huntoon*, at 312-13, it was argued the absence of the words "ingress and egress" limited the way of necessity to transportation of enumerated materials; the court held the statutory enumeration of uses was intended to expand rather than limit the meaning of "private way of necessity".

Mr. Sorenson's land is located in a residential area. Utilities required for the use of a residence are necessary for the proper use and enjoyment of the property. Although the statute must be strictly construed, it rests on a public policy to prevent landlocked property from being rendered useless. *Olivo v. Rasmussen*, 48 Wn. App. 318, 320-21, 738 P.2d 333 (1987). Without access to customary utilities, this landlocked residential property will be rendered useless. The statute must be construed to authorize the installation of utilities necessary for residential use.[4]

■ Fifth, Mr. Sorenson contends the court erred in awarding attorney fees and expert witness costs. He argues an award of fees and costs under RCW 8.24 is limited by provisions of RCW 8.25. This argument was rejected in *Daviscourt v. Peistrup*, 40 Wn. App. 433, 440, 698 P.2d 1093, *review denied*, 104 Wn.2d 1008 (1985).

■ He further argues any award should be limited to fees and costs pertaining to issues on which the condemnee has prevailed. RCW 8.24.030 provides in part:

> In any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reason-

---

[4]*Brown v. McAnally*, 97 Wn.2d 360, 644 P.2d 1153 (1982), cited by Mr. Czinger, is not to the contrary. There, the issue was whether the condemnation of land for utilities was inconsistent with the use to which the land was being put, a residential development; and whether a private way of necessity could be expanded to provide for the future development of an entire real estate subdivision and to meet county road specifications.

able attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee.

The statute grants the trial court discretion to award reasonable fees and costs without regard to whether the condemnee has prevailed in the action or on any particular issue. The court did not abuse its discretion in determining the amount of reasonable attorney fees awarded to Mr. Czinger.

The court, having expressly invited additional briefing on the issue of expert witness costs at the time the findings and conclusions were presented, acted within its discretion in amending the judgment to allow expert witness costs of $3,647.96. RCW 8.24.030.

The judgment is based on the erroneous conclusion the alternative route could be considered. The judgment is reversed and the case remanded for further proceedings consistent with this opinion. Because RCW 8.24.030 does not limit the award of fees and costs to a prevailing party, that award is affirmed, and Mr. Czinger's request for attorney fees on appeal is granted.

SHIELDS, C.J., and SWEENEY, J., concur.

Review denied at 122 Wn.2d 1026 (1993).