[No. 27922-3-II.   Division Two.   February 25, 2003.]

STEPHEN KENNEDY, *Plaintiff*, v. TOM MARTIN, JR., ET AL., *Appellants*, FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PORT ANGELES, *Defendant*, JOSEPH G. CAMMACK, ET AL., *Respondents*.

*William B. Foster III* (of *Hutchison, Foster & Weigelt*), for appellants.

*William J. McDowell*, for respondents.

QUINN-BRINTNALL, A.C.J. — Stephen Kennedy sought an easement of necessity across Tom and Sharon Martin's property. The Martins joined Joseph and Kaylee Cammack, adjacent landowners, claiming that the easement should be placed across their property. The trial court granted Kennedy an easement over the Martins' property and

ordered the Martins to pay the Cammacks' attorney fees. The Martins appeal only the attorney fee award. We affirm.

## FACTS

In 1969, Kennedy's parents divided property in Clallam County into two separate parcels. That same year, they sold the western parcel to the Martins, leaving the eastern parcel landlocked. The Cammacks own the land adjacent and due south to both the Kennedy and Martin parcels. In 1975, Kennedy acquired the landlocked eastern parcel from his mother by gift. Kennedy brought an action for a private way of necessity to establish an easement over the Martins' property. In March 2000, the Martins added the Cammacks as third party defendants. Kennedy opposed the Cammacks' joinder, and argued that the only reasonable route for the easement was over the Martins' property. The trial court awarded Kennedy an easement over the Martins' property.

The trial court denied the Cammacks' motion for attorney fees against Kennedy. But it granted the Cammacks' request for attorney fees against the Martins. The Martins appeal only the attorney fees order, claiming that potential condemnees are not entitled to recover their attorney fees under RCW 8.24.030.

## ANALYSIS

The doctrine of easement by necessity is based on the policy that landlocked land may not be rendered useless and the landlocked landowner is entitled to the beneficial uses of the land. *Hellberg v. Coffin Sheep Co.*, 66 Wn.2d 664, 666-67, 404 P.2d 770 (1965). The landlocked landowner is given the right to condemn a private way of necessity to allow ingress and egress onto the land. *Hellberg*, 66 Wn.2d at 666-67; RCW 8.24.010. The only requirement is that the owner demonstrate a reasonable need for the easement for the use and enjoyment of his or her property. *Wagle v.*

*Williamson*, 51 Wn. App. 312, 314, 754 P.2d 684 (1988), *appeal after remand*, 61 Wn. App. 474, 810 P.2d 1372 (1991).

NECESSITY OF JOINING CAMMACK AS A THIRD PARTY DEFENDANT

Historically, to defeat an easement route selected by the condemnor, the condemnee was required to show that there is a practical or more feasible route already available to the condemnor and that the condemnor selected the easement route based on bad faith, oppression, or abuse. *Sorenson v. Czinger*, 70 Wn. App. 270, 276 n.2, 852 P.2d 1124 (citing *State ex rel. Stephens v. Superior Court*, 111 Wash. 205, 207-09, 190 P. 234 (1920)), *review denied*, 122 Wn.2d 1026 (1993), *on subsequent appeal*, 96 Wn. App. 1013 (1999). A court will not "interfere with [the condemnor's] selection" of an easement route absent bad faith. *State ex rel. Wheeler v. Superior Court*, 154 Wash. 117, 118, 281 P. 7 (1929).

RCW 8.24.025 eliminated the bad faith requirement and, instead, required that the chosen route be more equitable than the alternative. *Sorensen*, 70 Wn. App. at 276 n.2. Specifically, the statute requires that:

> If it is determined that an owner, or one entitled to the beneficial use of land, is entitled to a private way of necessity and it is determined that there is more than one possible route for the private way of necessity, the selection of the route shall be guided by the following priorities in the following order:
>
> (1) Nonagricultural and nonsilvicultural land shall be used if possible.
>
> (2) The least-productive land shall be used if it is necessary to cross agricultural land.
>
> (3) The relative benefits and burdens of the various possible routes shall be weighed to establish an equitable balance between the benefits to the land for which the private way of necessity is sought and the burdens to the land over which the private way of necessity is to run.

RCW 8.24.025.

■ Under this statute, the condemnor has the burden to show that a private way of necessity exists and that the

route selected is the most reasonable alternative. *Sorenson*, 70 Wn. App. at 276. Once necessity is established, the potential condemnee may demonstrate the existence of a feasible alternative. *Sorenson*, 70 Wn. App. at 276 n.2. The burden then shifts to the condemnor to show that the chosen route is more equitable. *Sorenson*, 70 Wn. App. at 276 n.2 (citing *Wagle*, 61 Wn. App. at 481). The trial court must give the opinion of the potential condemnee considerable weight, striking an equitable balance between the selected route and any alternative route and weighing the benefits and burdens of each. *Wagle*, 61 Wn. App. at 480-81. Sufficient evidence must support a trial court's finding that a proposed alternative is impractical. *Sorenson*, 70 Wn. App. at 276. Failure to join an owner of the parcel upon which a proposed alternate route will run does not preclude consideration of the alternative route. *Sorenson*, 70 Wn. App. at 276.

But *Sorenson* also indicated that if the selection of the alternative route requires the joinder of nonparties, that can be evidence of necessity. *Sorenson*, 70 Wn. App. at 276. Specifically, in *Sorenson*, the court stated that:

> Nevertheless, evidence showing an alternative route would require the condemnation of property whose owners were not parties to the proceeding was held sufficient to show the necessity for the route selected by condemnor in [*Wheeler*, 154 Wash. 117]; *see* [*Stephens*, 111 Wash. at 209] (questioning whether an alternative route over the property of nonparties could be considered by the court).

*Sorenson*, 70 Wn. App. at 276.

Here, the Martins argue that *Sorenson* required them to join the Cammacks. They assert that condemnees are in a precarious position because the failure to join a third party who owns an alternative route establishes that the condemnor's selected easement route meets the necessity requirement. Thus, the Martins concluded that they had no choice: in order to assert that an alternative route existed, they had to join the Cammacks. We disagree.

The *Sorenson* court relied on *Stephens* and *Wheeler* for its claim that a party need join the owner of an alternate route to establish necessity. *Sorenson*, 70 Wn. App. at 276. But under RCW 8.24.025, which controls here, the failure to join a party does not prevent the court from considering an alternative route of a nonparty if the evidence shows that it is feasible. *Sorenson*, 70 Wn. App. at 276. The *Sorenson* analysis allows the joining of other parties to be considered as a factor when determining the necessity of the alternative route, but it does not establish an absolute joinder requirement. *See Sorenson*, 70 Wn. App. at 276. Nothing in *Sorenson* requires the joinder of the owners of the parcel containing the condemnee's proposed alternative route. While the selection of the route may be sufficient to show the necessity of the route where property is landlocked, it does not relieve the condemnor's burden to show the absence of a feasible alternative. *See Sorenson*, 70 Wn. App. at 276 ("The condemnor has the burden of proving the reasonable necessity for a private way of necessity, including the absence of a feasible alternative.").

The Martins did not appeal the trial court's finding of a private way of necessity over their property. And the Martins have not demonstrated the necessity of joining the Cammacks. Thus, the trial court did not err in requiring the Martins to pay the Cammacks' attorney fees on these grounds.

ATTORNEY FEES

In Washington, we follow the American rule in awarding attorney fees. *Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 143, 26 P.3d 910 (2001). Under this rule, " 'a court has no power to award attorney fees as a cost of litigation in the absence of contract, statute, or recognized ground of equity providing for fee recovery.' " *City of Seattle v. McCoy*, 112 Wn. App. 26, 30, 48 P.3d 993 (2002) (quoting *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994)). Here, RCW 8.24.030 is the relevant statute. It provides in part:

> In any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee.

RCW 8.24.030.

■■ In a condemnation action, a trial court has discretion to grant an award for attorney fees in light of the circumstances in each case. *Beckman v. Wilcox*, 96 Wn. App. 355, 367, 979 P.2d 890 (1999), *review denied*, 139 Wn.2d 1017 (2000). We review the reasonableness of such an award for abuse of discretion. *Beckman*, 96 Wn. App. at 367. A trial court abuses its discretion when it exercises discretion in a manifestly unreasonable manner or bases its decision on untenable grounds or reasons. *Beckman*, 96 Wn. App. at 367. Moreover, RCW 8.24.030 gives the trial court discretion "without regard to whether the condemnee has prevailed in the action or on any particular issue." *Sorenson*, 70 Wn. App. at 279. Thus, to prevail in their appeal from the court's order requiring that they pay the Cammacks' attorney fees, the Martins must demonstrate that the court abused its discretion.

The Martins assert that because condemnation statutes are strictly construed, the statute allowing attorney fees should also be strictly construed. They then argue that a strict construction of RCW 8.24.030 prevents the court from awarding attorney fees to *potential* condemnees such as the Cammacks.

The Martins conclude that unless the statute strictly allows potential condemnees to collect attorney fees, such fees cannot be awarded. A potential condemnee may be awarded fees only if he does not prevail in the condemnation action, thus becoming a condemnee. Under the Martins' view, only condemnees are entitled to their attorney fees.

■■ But a party need not prevail in a condemnation action to be awarded attorney fees under RCW 8.24.030. *See Beckman*, 96 Wn. App. at 361-62. RCW 8.24.030 is unlike other attorney fees statutes, which allow attorney

fees only to a prevailing party. *Beckman*, 96 Wn. App. at 361 (citing RCW 4.84.250, .270). A prevailing party cannot exist until there is an entry of judgment. *Beckman*, 96 Wn. App. at 361. But under RCW 8.24.030, an entry of judgment is not required before attorney fees can be awarded. *Beckman*, 96 Wn. App. at 361-62. In other words, there does not need to be a successful condemnation before the awarding of attorney fees, only an action. *Beckman*, 96 Wn. App. at 363. An action is defined as a " 'lawsuit brought in a court.' " *Beckman*, 96 Wn. App. at 364 (quoting BLACK'S LAW DICTIONARY 28 (6th ed. 1990)). Thus, a condemnor was held obligated to pay attorney fees even when he voluntarily abandoned the action. *Beckman*, 96 Wn. App. at 364. Under *Beckman*, the result of the condemnation action does not control the condemnee's right to request attorney fees. When the Martins joined the Cammacks, they made the Cammacks a potential condemnee. The Cammacks were required to hire an attorney and defend. The Cammacks prevailed and are entitled to attorney fees.

The Martins also argue that a condemnee (Martins) cannot be required to pay attorney fees for a potential condemnee (Cammacks) because it deprives them of just compensation for the easement imposed on their property. But there is nothing in the language of RCW 8.24.030 or in the case law that prevents a court from requiring the party responsible for involving the party seeking reimbursement of his attorney fees to pay those fees.

The Martins seek to limit *Beckman*'s holding to require that a plain reading of the statute obligates a condemnor to pay a condemnee attorney fees. The Martins argue that *Beckman* should not be relied on because it obligates a condemnor to pay attorney fees and, here, a condemnee was required to pay attorney fees to another condemnee. The Martins, however, fail to show that *Beckman* requires that *only* a condemnor can be required to pay attorney fees. *Beckman* did not specifically limit payments to condemnors but was merely applying the statute to the facts in that case by pointing out that a condemnor who initiates an action

may be obligated to pay attorney fees regardless of whether the condemnor prevailed.

The statute establishes that a condemnee or a potential condemnee may recoup their attorney fees; it does not state who is required to pay those fees. *See* RCW 8.24.030. The plain reading of the statute allows awards "in any action" with fees payable to the "condemnee" without mention of who may be required to pay. RCW 8.24.030. We hold that there is no impediment to a court's requiring a condemnee to pay attorney fees to a potential condemnee.

In this case, Kennedy brought an action against the Martins, who brought a third party complaint against the Cammacks. RCW 8.24.030 allows attorney fees "in any action." The trial court did not abuse its discretion when it ordered the Martins, a condemnee, to pay the attorney fees of a potential condemnee, the Cammacks, under RCW 8.24.030, and we affirm. We award the Cammacks their attorney fees on appeal, under RCW 8.24.030 and RAP 18.1.

MORGAN and HOUGHTON, JJ., concur.