216 P.3d 1007 (2009)
Fred NOBLE and Faith Noble, husband and wife, Respondents,
v.
SAFE HARBOR FAMILY PRESERVATION TRUST, a Washington Trust, Petitioner, and
Tillicum Beach, Inc., et al., Additional Respondents.
No. 80873-2.
Supreme Court of Washington, En Banc.
Argued March 12, 2009.
Decided September 24, 2009.
*1008 Michael Wayne Johns, Davis Roberts & Johns PLLC, Gig Harbor, WA, for Petitioner.
Robert Lyndon Beale, McGavick Graves PS, Tacoma, WA, Robert Dryden Wilson-Hoss, Attorney at Law, Shelton, WA, for Respondents.
C. JOHNSON, J.
¶ 1 This case arises out of a condemnation action for a way of private necessity. It asks us to determine whether, under RCW 8.24.030, the trial court had the discretion to require the original condemnee to pay an alternative condemnee's attorney fees and to reduce the original condemnee's award of attorney fees due to the alternative condemnee's involvement in the action. Fred and Faith Noble (Nobles) filed a petition to condemn a way of private necessity across Safe Harbor Family Preservation Trust's (Safe Harbor) property to gain access to the Nobles' property. Safe Harbor (condemnee) defended by alleging that the Nobles had a feasible alternative route. The Nobles then added Tillicum Beach, Inc. (Tillicum), another adjoining lot owner, as an alternative condemnee. The trial court granted the easement over Safe Harbor's property, found Safe Harbor responsible for Tillicum's involvement, ordered it to pay Tillicum's attorney fees, and awarded Safe Harbor reduced attorney fees against the Nobles. Safe Harbor appealed on both attorney fee issues. In a split decision, the Court of Appeals, Division Two, affirmed the trial court's ruling. Noble v. Safe Harbor Family Preserv. Trust, 141 Wash.App. 168, 169 P.3d 45 (2007). We reverse in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
¶ 2 In 1972, Paul and Agnes Stokes (Stokeses), the trustees of Safe Harbor, purchased the Safe Harbor property. The Stokeses created Safe Harbor and deeded the property to the trust for the benefit of their children. The Nobles own adjoining property and have a recorded easement across Safe Harbor's property, but the easement cannot be used. In an earlier case, Safe Harbor and the Nobles litigated various issues involving the easement. In that case, the Court of Appeals ruled in an unpublished decision that since the Nobles' recorded easement could not be developed, they would have to condemn an easement to their property under chapter 8.24 RCW.[1]
¶ 3 In March 2005, the Nobles filed their petition to condemn a private way of necessity over Safe Harbor's property. In its answer, Safe Harbor raised the following defense: "[t]here is a feasible alternative route available to the Petitioners." Clerk's Papers (CP) at 178. Safe Harbor did not name an alternative condemnee in its answer. Nor did it assert any claim against a third party.
¶ 4 In July 2005, the Nobles filed a motion for leave to amend their petition and add a claim against another adjoining property owner, Tillicum, as an alternate condemnee. To support their motion, the Nobles filed the declaration of their counsel, who stated in relevant part that
[r]espondents are taking the position that a way of necessity should be granted across property owned by Tillicum Beach, Inc. rather than property owned by original Respondents. In order to prevent two *1009 trials and to assure that there is not an inconsistent result, it is imperative that Tillicum Beach, Inc. and all owners of lots within the plat of Tillicum Beach be joined as additional parties' defendant.
CP at 163.
¶ 5 Tillicum is located directly to the south and adjacent to the Nobles' property. Fred Noble's parents own a house within Tillicum that abuts the Nobles' property. After Safe Harbor prevented the Nobles from using their property, the Nobles used Tillicum's property to access Mr. Noble's parents' lot, from which they would access their property.[2] Report of Proceedings (RP) (June 1, 2006) at 11-12, 20-21.
¶ 6 At trial, Tillicum and Safe Harbor litigated between themselves as to who should bear the burden of providing access to the Nobles' property. The trial court concluded that it would be less burdensome to grant a way of necessity over Safe Harbor's property. Tillicum then brought a motion for an award of its attorney fees and costs against Safe Harbor, asserting that Safe Harbor was "responsible" for it being a party to the litigation. The trial court awarded Tillicum fees against Safe Harbor and reduced the attorney fees and costs it awarded Safe Harbor against the Nobles by 70 percent, finding that most of the attorney fees Safe Harbor incurred resulted from Safe Harbor's actions and Tillicum's involvement in the case.
¶ 7 In a split, published decision, the Court of Appeals affirmed the trial court's ruling finding it has broad discretion in awarding attorney fees under RCW 8.24.030,[3] and it granted Tillicum attorney fees against Safe Harbor on appeal. The Court of Appeals majority reasoned that Safe Harbor was responsible for Tillicum's presence in the lawsuit, and the trial court did not err in "looking beyond the mechanical process of joinder" to decide who is responsible for the cost of litigating the claimed alternative route. Noble, 141 Wash. App. at 175, 169 P.3d 45.
¶ 8 Safe Harbor petitioned this court for review. It argues that the trial court erred in holding it responsible for Tillicum's attorney fees and that the Nobles, as condemnors, should be responsible for those fees. Safe Harbor also contends that the trial court abused its discretion in reducing its award of attorney fees against the Nobles. Accordingly, Safe Harbor asks us to award it reasonable attorney fees incurred in this matter, including those it incurred as a result of the Nobles' decision to sue Tillicum and the attorney fees and costs Safe Harbor incurred as a result of its appeals. Tillicum, on the other hand, asks this court to affirm the award of attorney fees to them against Safe Harbor, including those Tillicum has incurred as a result of this appeal.[4] The Nobles did not submit a brief to this court, but they appeared before us at oral argument.

ISSUES
(1) Under RCW 8.24.030, does the trial court have the discretion to order Safe Harbor to pay Tillicum's attorney fees?
(2) Under RCW 8.24.030, did the trial court abuse its discretion by reducing Safe Harbor's attorney fees against the Nobles?

ANALYSIS
¶ 9 Chapter 8.24 RCW governs condemnation proceedings for a private way of necessity. In such proceedings, the condemnor has the burden of proving the reasonable necessity for a private way of necessity, including the absence of alternatives. State ex rel. Carlson v. Superior Court, 107 Wash. 228, 234, 181 P. 689 (1919). Under RCW *1010 8.24.025, the trial court must consider alternative routes, according to the list of criteria provided in that statute.[5]
¶ 10 In a condemnation action for a private way of necessity, RCW 8.24.030 permits, but does not require, a trial court to grant a condemnee attorney fees. It provides:
In any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee.
RCW 8.24.030.
¶ 11 In order to reverse an attorney fee award made pursuant to a statute or contract, an appellate court must find the trial court manifestly abused its discretion. A trial court abuses its discretion when its decision or order is manifestly unreasonable, exercised on untenable grounds, or exercised for untenable reasons. Untenable reasons include errors of law.
¶ 12 Here, the Court of Appeals majority, reasoning that RCW 8.24.030 grants a trial court "broad discretion" in awarding attorney fees, found the trial court properly held Safe Harbor "responsible" for Tillicum's involvement in the lawsuit and liable for Tillicum's attorney fees. Noble, 141 Wash.App. at 175, 169 P.3d 45. The majority rested its decision in part on its interpretation of Kennedy v. Martin, 115 Wash.App. 866, 870-73, 63 P.3d 866 (2003). The majority cited Kennedy for the proposition that "nothing in the language of RCW 8.24.030 or in the case law... prevents a court from requiring the party responsible for involving the party seeking reimbursement of his attorney fees to pay those fees." Noble, 141 Wash.App. at 175, 169 P.3d 45. The majority's conclusion that Safe Harbor is "responsible" for Tillicum's involvement is based on the facts that Safe Harbor raised the defense of "a feasible alternative route," and then, after the Nobles joined Tillicum, Safe Harbor defended itself using the testimony of Paul Stokes, who the trial court determined was not a credible witness. Noble, 141 Wash.App. at 177, 169 P.3d 45.
¶ 13 In its briefing to this court, Tillicum echoes the Court of Appeals majority. Tillicum argues that Safe Harbor's strategic decision not to join Tillicum after Safe Harbor raised the defense of a feasible alternative route "does not immunize it from responsibility for [its] attorney fees under RCW 8.24.030." Answer to Pet. at 9. Tillicum contends that Kennedy supports its position because the Court of Appeals in that case required the original condemnee to pay the attorney fees of the alternative condemnee, who it had named and joined in the suit. Tillicum reasons that the case before us would have been the same as Kennedy, if Safe Harbor had actually named and joined Tillicum, instead of simply raising the defense of an alternative route. Answer to Pet. at 8-10. Here, Tillicum essentially argues that for the purposes of attorney fees, there should be no difference between an original condemnee who asserts the defense of a feasible alternative route and one who actually joins an alternative condemnee whose land allegedly bears the alternative route.
¶ 14 Although this court has not addressed the attorney fee provision under RCW 8.24.030, our Court of Appeals has analyzed attorney fee issues under this statute in several cases, namely Sorenson v. Czinger, 70 Wash.App. 270, 852 P.2d 1124 (1993) and Kennedy.[6]
¶ 15 In Sorenson, the condemnor, sued to condemn an easement over a lot owned by *1011 John Czinger, so that Leif Sorenson could reach the western part of his property. The condemnee defended by proposing an alternative route that crossed other landowners' property and accessed the eastern portion of Sorenson's land, but he did not sue an alternative condemnee. After trial, the court granted Sorenson a way of necessity across the alternative route proposed by Czinger. On appeal, Sorenson argued that the trial court erred because Czinger failed to meet his burden of proving a reasonable alternative route because that route ran across the properties of people who were not parties to the suit. The Court of Appeals disagreed. Citing RCW 8.24.025,[7] the court confirmed the condemnor has the burden of proving necessity for a private way, including the absence of feasible alternatives. It concluded that "[f]ailure to join the owner of property over which a proposed alternative route would pass does not absolutely preclude consideration [of it] if the evidence shows it is otherwise feasible." Sorenson, 70 Wash.App. at 276, 852 P.2d 1124. However, the court reversed the trial court's decision in favor of the condemnee, finding that Sorenson met his burden of proving necessity of route across Czinger's property. It granted the condemnee attorney fees on appeal, noting RCW 8.24.030 does not limit the award of fees to prevailing parties. Sorenson, 70 Wash.App. at 279, 852 P.2d 1124.
¶ 16 In Kennedy, a condemnee defended itself by asserting an alternative route over an adjacent landowner's property and joining that landowner as alternative condemnee through a third party complaint. The trial court awarded the way of necessity over the original condemnee's property and required him to pay the alternative condemnee's attorney fees. On appeal, the original condemnee argued that it had no choice but to join the adjacent landowner as alternative condemnee. The Kennedy court disagreed and stated, "the failure to join a party does not prevent the court from considering an alternative route of a nonparty if the evidence shows that it is feasible." Kennedy, 115 Wash.App. at 871, 63 P.3d 866. The Court of Appeals in Kennedy further confirmed that "[n]othing in Sorenson requires the joinder of the owners of the parcel containing the condemnee's proposed alternative route." 115 Wash.App. at 871, 63 P.3d 866. The court held that RCW 8.24.030 establishes no impediment to requiring a condemnee to pay attorney fees to a potential condemnee.
¶ 17 Sorenson's and Kennedy's interpretations of RCW 8.24.030 are persuasive, and their explication of the burdens in a condemnation case is instructive here. As both cases acknowledge, the plain language of RCW 8.24.030 gives the trial court discretion to grant attorney fees to the condemnee, providing the court "may" grant such award. Further, these cases are helpful in determining the extent to which and the circumstances under which the exercise of that discretion is appropriate.
¶ 18 In Kennedy, the Court of Appeals properly held the trial court may exercise its discretion and require an alternative condemnee to pay an alternative condemnee's attorney fees under certain circumstances, namely when they join the alternative condemnee as a third party. This is a sensible rule, as nothing in chapter 8.24 RCW requires a condemnee or condemnor to join a party to consider alternative routes. If the original condemnee voluntarily chooses to join a party,[8] to mount their own defense, *1012 then the court should have the discretion to decide whether the original condemnee should pay the alternative condemnee's attorney fees.
¶ 19 The present case is distinguishable from Kennedy. Here, the Nobles, as condemnors, sued to condemn a route over Safe Harbor's property. Unlike the condemnee in Kennedy, Safe Harbor did not choose to join an alternative condemnee in the action. Instead, Safe Harbor defended itself by claiming that a feasible, alternative route existed, and the Nobles chose to join Tillicum as the alternative condemnee. As condemnee, Safe Harbor has the right to raise the affirmative defense of a feasible alternative route. Further, unless joinder is required, an original condemnee is not required to add any alternative condemnee. In the absence of an alternative condemnee, pursuant to RCW 8.24.025, the trial court would have had to consider alternative routes, including the one over Tillicum's property.
¶ 20 According to RCW 8.24.025 and Sorenson, once a condemnee raises the possibility of a feasible alternative route, the burden shifts to the condemnor to prove the chosen route is more equitable than the alternative route. As Safe Harbor contends, it did not have the burden of proving that Tillicum was the more practical route. As the Court of Appeals dissent in Noble observed, requiring Safe Harbor to pay Tillicum's attorney fees for raising the defense of a feasible alternative route effectively shifts the condemnor's burden of proof to Safe Harbor. The dissent correctly states:
requir[es] a condemnee to prove that a specific alternate route is better or face being denied its attorney fees and costs and being ordered to pay the alternate condemnee's fees and costs ... makes the first condemnee "responsible" for involving the alternate condemnee simply by suggesting an alternative route.
Noble, 141 Wash.App. at 180, 169 P.3d 45 (Van Deren, A.C.J., dissenting).
¶ 21 Tillicum, on the other hand, argues that the Nobles were forced to add Tillicum or face the possibility of two separate trials against each condemnee. It contends that those trials could have resulted in no access at all for the Nobles. Answer to Pet. at 10. We do not know what the result would have been had there been two separate trials. However, we do know that the statute requires the Nobles to prove Safe Harbor had the least burdensome route without joining Tillicum. Also, the Nobles could have joined all individual members of Tillicum Beach, Inc., in the lawsuit, since Tillicum is apparently an association comprised of individual members. Instead, the Nobles, not Safe Harbor, chose to join Tillicum, and Tillicum's involvement in and expenses from the lawsuit are a result of that decision.
¶ 22 Although Safe Harbor did not join Tillicum in the suit, the Court of Appeals, like the trial court, looked beyond the "mechanical process of joinder" to determine who was really "responsible for the litigation with Tillicum." Noble, 141 Wash.App. at 175, 169 P.3d 45. In "balancing of the equities" in this case, the Court of Appeals found Safe Harbor responsible in part because its claim that the Nobles had a better route over Tillicum's property was based on a weak defense, evidence of Paul Stokes, who the court concluded was not a credible witness. Noble, 141 Wash.App. at 176, 169 P.3d 45. Similarly, Tillicum argues Safe Harbor should pay its attorney fees because "[w]ithin certain very broad limits, parties have the right to make claims in litigation that turn out to be not accepted by the trier of fact. However, sometimes there are consequences." Answer to Pet. at 15. Tillicum asks this court to consider the "scope of [Safe Harbor's] unfounded claims, beginning with... an (unnamed) more feasible alternative, and the work it took to respond" and find "the responsible party is Safe Harbor." Answer to Pet. at 16. In doing so, Tillicum implies that Safe Harbor's defense at trial was either so unfounded or ineffective that it should be penalized for defending itself by paying Tillicum's attorney fees. The way for a trial court to account for a condemnee's actions is in its calculation of how much, if any, to award that condemnee in statutory attorney fees.
¶ 23 Although the trial court has discretion under RCW 8.24.030 to provide condemnees with attorney fees, the statute does *1013 not support awarding fees against a condemnee where that condemnee does not choose to join any other party as an alternative condemnee. Holding otherwise would inhibit Safe Harbor and other condemnees in its position from asserting their statutory defense of a possible alternative route. Accordingly, we vacate the trial court's order awarding attorney fees to Tillicum against Safe Harbor, including those awarded to Tillicum on appeal.
¶ 24 As to the second issue in this case, we affirm the trial court's order reducing Safe Harbor's attorney fees award against the Nobles. Under RCW 8.24.030, the trial court has discretion to determine what amount, if any, a condemnee receives in attorney fees from a condemnor. In doing so, a trial court may consider a condemnee's actions in light of the particular circumstances of each case. Here, the trial judge considered Safe Harbor's actions during the course of the case to increase the cost of litigation. In attempting to "balance the equities," the trial court concluded that Safe Harbor's award against the Nobles should be lessened by 70 percent. This is an appropriate exercise of the trial court's discretion.

CONCLUSION
¶ 25 We reverse in part and affirm in part, and we remand the case so that Tillicum can pursue its claim for attorney fees against the Nobles, from whom it sought recovery in the alternative.
WE CONCUR: MADSEN, SANDERS, OWENS, and J. JOHNSON, JJ.
ALEXANDER, C.J. (concurring/dissenting).
¶ 26 Although I concur with the majority's holding that the trial court erred in awarding attorney fees to Tillicum Beach, Inc., against Safe Harbor Family Preservation Trust, and did not err in reducing Safe Harbor's attorney fee award against Fred and Faith Noble, I disagree with its decision to remand to the trial court so that Tillicum can pursue a claim for attorney fees against the Nobles. As the majority acknowledges in footnote four of its opinion, that issue was not addressed in Tillicum's "briefing to this court." Majority at 1009 n. 4. We should not, in my judgment, go beyond the scope of the issues we agreed to review.
FAIRHURST, J., concurs.
CHAMBERS, J. (dissenting).
¶ 27 The majority concludes that a trial court may not look beyond the mechanical process of joinder in awarding attorney fees against a party in a condemnation action. While recognizing the broad discretion given to trial courts to award fees under RCW 8.24.030, the majority nevertheless concludes that "the statute does not support awarding fees against a condemnee where that condemnee does not choose to join any other party as an alternate condemnee." Majority at 1012-13. Because I do not read the statute to say anything of the sort and because the legislature and I believe the trial court is in the best position to determine which party is responsible for involving another in litigation, I respectfully dissent.
¶ 28 RCW 8.24.030 states, "[i]n any action brought under the provisions of this chapter for the condemnation of land for a private way of necessity, reasonable attorneys' fees and expert witness costs may be allowed by the court to reimburse the condemnee." The statute allows the court to require "the party responsible for involving the party seeking reimbursement of his attorney fees to pay those fees." Kennedy v. Martin, 115 Wash. App. 866, 873, 63 P.3d 866 (2003). The statute does not specify who is required to pay those fees to a potential condemnee. Id. at 874, 63 P.3d 866. Its language grants broad discretion to the trial court to determine from whom attorney fees are appropriately awarded. There is nothing in the statute itself, or in the case law, that requires the trial court to award fees only against those parties who take the formal step of joining another to the litigation.
¶ 29 Echoing the dissent in the Court of Appeals, 141 Wash.App. 168, 169 P.3d 45 (2007), the majority argues that awarding attorney fees against Safe Harbor Family Preservation Trust impermissibly shifts the burden of proof onto the original condemnee *1014 to prove that an alternative route is less burdensome rather than forcing the condemnor to prove that the proposed route is the most appropriate. While I agree that the burden remains on the condemnor to prove the route proposed is the most feasible, I do not agree that the discretionary award of attorney fees shifts that burden or has anything to do with the burden of proof at all. Where a condemnee argues that a more feasible alternative route exists, it is still incumbent upon the condemnor to demonstrate the selected route is more equitable, and the court must then weigh the benefits and burdens of each alternative route to arrive at an equitable solution. Id. at 870, 169 P.3d 45 (citing Sorenson v. Czinger, 70 Wash.App. 270, 276 n. 2, 852 P.2d 1124 (1993)). But where the court later determines the alternative route proposed by the condemnee was clearly unfeasible and implausible, the judge has discretion under the statute to award attorney fees. While the burden remains on the condemnor to address all alternative routes raised by the original condemnee, vesting discretion in the trial court to later award fees helps ensure that uncredible alternatives are not presented in an effort to increase the costs of litigation.
¶ 30 The majority's focus on joinder is misplaced. That the condemnor chooses to join an alternate condemnee is immaterial. The statute does not suggest that only those who have not initiated litigation may be insulated from paying discretionary attorney fees, nor do I believe we should read such a limit into the statute. Nor is there any logical or policy reason for this court to impose such a limitation. Where a condemnee alleges a more feasible route, the condemnor has the choice of either joining the issues into one action or running the risk that two actions may be necessary. Judicial economy favors joinder, and our rules and procedures permit it. The majority's decision creates an untenable Hobson's choice for the condemnor: fail to join the alleged alternate condemnee and risk multiple and time consuming delays, or avail herself of the rules permitting joinder and run the risk that only she may be assessed the alternate condemnee's attorney fees.[1]
¶ 31 In this case, the trial court concluded that Safe Harbor bore the responsibility for Tillicum Beach, Inc.'s involvement in the litigation. Not only did the court determine that the route proposed by Fred and Faith Noble was the more equitable route, it also specifically found that the alternative route proposed by Safe Harbor over Tillicum's land would have involved relocating a drainfield, a well, water lines, and a shed, and constructing a new driveway. In its decision awarding attorney fees, the court noted that it became clear even prior to trial that an easement over Tillicum's property would not be possible. And in addressing the concerns raised by Paul Stokes regarding the burden of an easement on Safe Harbor's property, the trial court concluded those concerns were unfounded and even made a specific finding that Stokes himself was "not a credible witness." Clerk's Papers (CP) at 127. It appears from the record that the trial court believed that Safe Harbor's arguments regarding the feasibility of an alternative route over Tillicum's property and the burdens the proposed route would impose on its own property were unfounded, led to Tillicum's involvement in the case, and substantially increased the costs of litigation. Since that conclusion is supportable, I believe the trial court appropriately exercised its discretion under RCW 8.24.030 in awarding fees.
¶ 32 I find it telling that while the majority concludes that Safe Harbor cannot be held responsible for Tillicum's attorney fees because it did not take the formal step to join them as a third party, it still upholds the trial court's decision reducing the fees awarded to Safe Harbor from the Nobles by 70 percent. That 70 percent reduction represented in large part a "conservative estimate of the time spent involving Tillicum Beach as an *1015 alternate condemnee." CP at 19-20. If the reduction in fees is appropriate because of Safe Harbor's responsibility for Tillicum's involvement in the case, then I believe it is equally appropriate to award Tillicum its fees against Safe Harbor. The statute is broad enough to support the trial court's decision in both instances and to uphold one decision and not the other is inconsistent.
¶ 33 In sum, RCW 8.24.030 allows a trial court to award attorney fees and costs to a condemnee in any condemnation action brought under chapter 8.24 RCW. I believe trial courts will appropriately use the broad discretion given to them under the statute to make reasonable determinations regarding whether to award fees, and if so, who should be required to pay them. By announcing a blanket rule limiting the court's discretion to award fees against only those who have taken the formal, procedural step of joining a third party condemnee, the majority reads the statute too narrowly. I believe the better course of action, and the one consistent with the statute, is to allow trial courts to make determinations based on the specific facts of each case. For the foregoing reasons, I respectfully dissent.
STEPHENS, J., concurs.
NOTES
[1] Safe Harbor Family Preserv. Trust v. Noble, noted at 120 Wash.App. 1060, 2004 WL 569290.
[2] The trial court found in relevant part that the Nobles "have not been able to use their home on Hood Canal, except occasionally by foot over an area that the owners of Tillicum Beach are polite about, but clear, that the Nobles are not welcome to use this means of access over the long term. As a matter of neighborly accommodation, Tillicum Beach has agreed to suffer the occasional trespass until this matter can be decided by the Court." Finding of Fact 11.
[3] Noble v. Safe Harbor Family Preserv. Trust, 141 Wash.App. 168, 169 P.3d 45 (2007).
[4] Before the trial court and the Court of Appeals, Tillicum argued, in the alternative, that the court should award it attorney fees against the Nobles. Tillicum did not make the same argument in its briefing to this court. See RAP 18.1(b).
[5] "If it is determined that an owner, or one entitled to the beneficial use of land, is entitled to a private way of necessity and it is determined that there is more than one possible route for the private way of necessity, the selection of the route shall be guided by the following priorities in the following order:

"(1) Nonagricultural and nonsilvicultural land shall be used if possible.
"(2) The least-productive land shall be used if it is necessary to cross agricultural land.
"(3) The relative benefits and burdens of the various possible routes shall be weighed to establish an equitable balance between the benefits to the land for which the private way of necessity is sought and the burdens to the land over which the private way of necessity is to run." RCW 8.24.025.
[6] See also Beckman v. Wilcox, 96 Wash.App. 355, 979 P.2d 890 (1999).
[7] Historically, to defeat an easement route selected by the condemnor, the condemnee was required to show there was a more practical or feasible route available to the condemnor and that the condemnor selected their route based on bad faith, oppression or abuse. RCW 8.24.025 eliminated the bad faith requirement and, instead, required that the chosen route be more equitable than the alternative route. Under this statute, the condemnor has the burden to show that a private way of necessity exists and that the route selected is the most reasonable alternative. Once necessity is established, the potential condemnee may demonstrate the existence of a feasible alternative. The burden then shifts to the condemnor to show that the chosen route is more equitable. Sorenson, 70 Wash.App. at 276 n. 2, 852 P.2d 1124.
[8] That is, a party who has not been deemed necessary and indispensible under Court Rule (CR) 19. See CR 19 ("Joinder of Persons Needed for Just Adjudication"). Tillicum does not make the argument that it was a necessary and indispensible party to the litigation, though the Nobles made a version of that argument to the Court of Appeals. Br. of Resp't Noble at 5-6.
[1] Under the majority's holding, neither party will be likely to move for the joinder of a third party condemnee. Despite the possible benefits of bringing in a third party, the better strategy would be to wait for the opposing party to take the initial, formal step of moving for joinder and be insulated from the later imposition of attorney fees. In my view, the better policy is to allow either party to move for joinder and to spread the risk that the trial court might award attorney fees amongst all parties.